Argued and submitted November 4, 1980, reversed March 4, 1981

## THE FLYING TIGER LINE, INC.,
### *Respondent,*
*v.*
## PORTLAND TRADING COMPANY,
### *Petitioner,*
*v.*
## WESTERN GARMENT ASSOCIATES, INC.,
### *Respondents.*

(TC A7807-11307, CA 13127, SC 27070)

624 P2d 361

James N. Westwood, of Miller, Nash, Yerke, Wiener & Hager, Portland, argued the cause for petitioner. With him on the brief was Richard A. Cantlin, Jr.

F. Gordon Allen, of Bolliger, Hampton & Tarlow, P.C., Portland, filed a brief for respondent The Flying Tiger Line, Inc.

S. Ward Greene, of McMenamin, Joseph, Herrell & Babener, Portland, argued the cause and filed briefs for respondents Western Garment Associates, Inc., Henry M. Cohn, Douglas Cohn and Kathryn Cohn.

Before Tongue, Presiding Justice, and Howell,** Lent, Linde, and Peterson, Justices.

LINDE, J.

**Howell, J., retired November 30, 1980.

**LINDE, J.**

The issue before us concerns the propriety of an award by the Court of Appeals of attorney fees to a successful appellant in that court. The issue arose as follows:

Portland Trading Co. sold a division of its business to Western Garment Associates, Inc. The sales agreement contained this clause:

> *"Section 5.2 Indemnification.* Western agrees to indemnify Trading from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses (including reasonable attorney's fees both at trial and on appeal) or disbursements of any kind or nature whatsoever which may be imposed on, incurred by or asserted against Trading as a result of any action taken or the failure to take any action by Western."

When Trading subsequently was sued by The Flying Tiger Line, Inc., on a claim arising from the business transferred to Western, Trading impleaded Western. The circuit court awarded summary judgment for Flying Tiger against Trading and for Trading against Western. On Western's appeal, the Court of Appeals vacated the circuit court judgments for lack of jurisdiction and ordered the case transferred to the district court. The Court of Appeals also awarded Western the attorney fees on appeal which Trading challenges here.

Western based its petition for attorney fees on ORS 20.096, and as no other authority for such fees appears, we assume that this was the basis of the court's award. ORS 20.096 provides:

> "(1)  In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and necessary disbursements.
>
> . . . .
>
> "(5)  As used in this section and ORS 20.097 'prevailing party' means the party in whose favor final judgment or decree is rendered."

The text of this section states these requirements for an award of attorney fees in addition to costs and disbursements: (1) the litigation must be an action or suit on a contract, (2) the contract must specifically provide for awarding one party attorney fees and costs "incurred to enforce the provisions of the contract," (3) the party petitioning for attorney fees must be "the prevailing party," defined to mean the one "in whose favor final judgment or decree is rendered."

There is no dispute in this case that the first two conditions are satisfied: The contract contains the provision for attorney fees quoted above, and Trading impleaded Western to enforce the contract. The dispute is whether Western became the "prevailing party" when it succeeded in having the judgment against it vacated on appeal and the case remanded for transfer to the district court. We hold that it did not, and that the award of attorney fees before final judgment was premature.

In responding to Trading's petition in this court,[1] Western cites *Sackett v. Mitchell,* 264 Or 396, 505 P2d 1136 (1973), to support an argument that attorney fees may be awarded under ORS 20.096 before it is known who ultimately is entitled to prevail under the contract. In *Sackett,* plaintiffs moved and obtained a dismissal of a suit without prejudice to filing a new complaint, so it is true that the parties' rights were not settled with finality; but defendants were "prevailing parties" and entitled to attorney fees because the dismissal was a final decree in that suit. 264 Or at 398.

Similarly, *Dean Vincent, Inc. v. Krishell Lab.,* 271 Or 356, 532 P2d 237 (1975), held that attorney fees under ORS 20.096 should be allowed to a defendant when plaintiff takes a voluntary nonsuit, again because the action

---

[1] Western first opposes consideration of Trading's petition in this court because the petition was filed later than the thirty day period allowed by Rule 10.05, contending that this rule should be regarded as "jurisdictional" by analogy to the 30 days allowed by ORS 19.026 for a notice of appeal. That period is expressly made "jurisdictional" by statute and "may not be waived or extended." ORS 19.033. Although we certainly expect compliance with Rule 10.05 (which is much more readily assured if counsel do not regard the *last* of the allowable 30 days as the *scheduled* date for filing a petition), no law makes that period "jurisdictional," and we have occasionally allowed additional time on proper motion. See Rule 9.20 and Appendix J.

before the court terminated in defendant's favor, whatever might happen to a new action:

> The term 'prevailing party' as used in the statute refers back to 'any action * * * on a contract.' The present case is an action on a contract which terminated in defendant's favor. The statute does not require, as plaintiff contends, that one entitled to attorney's fees must prevail upon the ultimate determination of the *cause of action.*

271 Or at 359. These cases differ from decisions allowing costs and disbursements to a "prevailing party on appeal" under ORS 20.310, *see, e.g., Gowin v. Heider,* 237 Or 266, 324, 386 P2d 1, *on reh'g,* 391 P2d 630 (1964), to which Western also refers, because that section plainly makes the outcome of the appeal rather than the final judgment or decree the test for the "prevailing" party's entitlement to attorney fees.

As this case has been remanded for a trial in the district court, no "final judgment or decree" has yet been rendered, so that there is no basis for attorney fees under ORS 20.096.[2]

Reversed.

---

[2] The original plaintiff, The Flying Tiger Line, Inc., filed a "response" to Trading's petition for review of the allowance of attorney fees to Western, in which Flying Tiger expresses agreement with Trading's position on that issue (which does not affect Flying Tiger) but "also suggests that the court review on its own motion the finding by the Court of Appeals that the Circuit Court lacked jurisdiction." The two parties concerned with the dispute over attorney fees on appeal, for which this holding of the Court of Appeals was only the predicate, expressly did not challenge that holding here, and unlike our obligation to decide on our own motion that a lower court did not have jurisdiction, we decline the invitation to review on our own motion whether the trial court perhaps had jurisdiction.