On respondents - cross petitioners' reconsideration of order awarding attorney fees filed September 19, petition for attorney fees filed June 7 and allowed September 18, 1985; reconsideration allowed, order awarding attorney fees vacated
December 18, 1985

## CARLSON et al,
*Respondents - Cross-Petitioners,*

*v.*

## AFSCME et al,
*Petitioners - Cross-Respondents.*

## (C-166-81; CA A31372)

711 P2d 199

Emil R. Berg, and Hallmark, Griffith & Keating, Portland, and National Right to Work Legal Defense Foundation, Inc., for petition.

Henry H. Drummonds and Mark S. Toledo, Portland, and Kulongoski, Durham, Drummonds & Colombo, contra.

Before Warden, Presiding Judge, and Warren and Young, Judges.

YOUNG, J.

## YOUNG, J.

Respondents - cross-petitioners (respondents) petition for reconsideration of an order awarding attorney fees on appeal to petitioners - cross-respondents (the local). We allow the petition and vacate the order. ORAP 10.10.

After our decision on the merits, 73 Or App 755, 700 P2d 260 (1985), the local filed a timely petition for attorney fees, relying on ORS 19.220 and ORS 243.672(2)(d) as authority for the award. We overruled respondents' objections and awarded attorney fees.

This case involves an unfair labor practice complaint filed by respondents, designated as the "complainants," with the Employment Relations Board. ORS 243.672; ORS 243.676. ERB decided, *inter alia,* that the local had committed an unfair labor practice by using "fair-share" dues for unauthorized purposes.[1] The local sought judicial review of ERB's order, and respondents cross-petitioned.

We held, *inter alia,* that ERB was in error when it decided that the local had committed an unfair labor practice, "because the factual record has not been fully developed." 73 Or App at 762. We remanded to ERB to complete the record and then to decide whether an unfair labor practice had occurred.

We turn to the question of the local's entitlement to attorney fees. It is clear that the local prevailed on appeal on the central issue of whether there was an unfair labor practice.[2] Respondents argue, however, that the award of attorney fees is premature, because "ORS 243.676(2)(d) provides only for such an award once the existence or nonexistence of an

---

[1] ERB ruled that only the local had violated ORS 243.672(2)(c). Because the local is the exclusive representative of the bargaining unit, "it alone is responsible to assure that fair-share funds are expended only for authorized purposes." *Carlson v. AFSCME, supra,* 73 Or App at 757 n 1. ERB dismissed the complaint against AFSCME, AFL-CIO and DCTU. The parties did not dispute the dismissal.

[2] For the purpose of determining the prevailing party under ORS 20.190(1), ORAP 11.05(4) provides:

"The appellant or petitioner is the prevailing party only if on appeal or review the party obtains a substantial modification in the judgment or final order from which the appeal or judicial review was taken. Otherwise, the respondent shall be the prevailing party."

unfair labor practice has been *fully* adjudicated." (Emphasis supplied.)

ORS 243.676 is the statutory predicate for awarding attorney fees on appeal. When a complaint is filed with ERB alleging an unfair labor practice, ERB sets the matter for hearing if issues of fact or law exist. ORS 243.676(1)(b)(c). ORS 243.676(2) and (3) provide in pertinent part:

"(2) Where, as a result of the hearing * * *, *the board finds that any person named in the complaint has engaged in or is engaging in any unfair labor practice charged in the complaint, the board shall:*

"* * * * *

"(d) Designate the amount and award representation costs, if any, to the prevailing party; and

"(e) Designate the amount and award attorney fees, if any, to the prevailing party on appeal, including proceedings for Supreme Court review, of a board order.

"(3) Where *the board finds that the person named in the complaint has not engaged in or is not engaging in an unfair labor practice,* the board shall:

"* * * * *

"(b) Designate the amount and award representation costs, if any, to the prevailing party." (Emphasis supplied.)

We construe subsections 2 and 3 to mean that, before attorney fees (or representation costs) can be awarded to the prevailing party, there must be a final adjudication that a party has engaged, ORS 243.676(2), or has not engaged in an unfair labor practice. ORS 243.676(3). Until that determination is finally made, there is no statutory basis for an award. Here, the question whether the local has engaged in an unfair labor practice was remanded to ERB for resolution.

Petition for reconsideration allowed; order awarding attorney fees vacated.