Argued and submitted March 24, reversed and remanded June 4, reconsideration denied July 25, petition for review denied September 23, 1986 (302 Or 35)

# HENDERSON,
*Appellant,*

*v.*

# JANTZEN, INC.,
*Respondent.*

## (CC 84-27; CA A35739)

719 P2d 1322

Larry H. Blakely, Hood River, argued the cause for appellant. With him on the brief was Parker Bowe Jaques & Blakely, P.C., Hood River.

Lindsey Harris Hughes, Portland, argued the cause for respondent. With her on the brief were Lewis K. Scott, Richard N. Van Cleave, and Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff commenced this action for damages and injunctive relief, alleging that defendant had refused to hire him because of his sex, in violation of ORS 659.030(1)(a). The trial court granted defendant's motion for summary judgment. Plaintiff appeals and argues that there are genuine issues of material fact.

The evidence most favorable to plaintiff establishes that he applied for employment as a power sewing machine operator at defendant's Hood River plant in November, 1983. At that time there were 150 operators and three supervisors, all of whom were women. Plaintiff was tested for dexterity and trainability on November 17, along with three women. He received the highest possible score. On November 21 and 28, 1983, defendant hired the three women tested on the same date as plaintiff and three other women; plaintiff scored higher on the test than five of the women hired, but he was not called for an interview or offered a job.

Plaintiff testified in a deposition that defendant's personnel supervisor told him that defendant had not had much success with male operators in the past. The supervisor testified in a deposition that her experience with males was "not as well [sic] as [with] the general sewing machine operator." (Presumably, "general" means female.) She also stated that she might have mentioned to plaintiff some bad experiences defendant had had in the past with male operators and acknowledged that she had said earlier that she probably had discouraged plaintiff from pursuing the job.

Defendant had not hired a male sewing machine operator since 1980, although "quite a few" men had applied for the job. At the time plaintiff applied, defendant was hiring an average of 18 operators per month. The supervisor testified that the plant had an average turnover of 13 power sewing machine operators per month. If these figures are correct, it appears that, in the three years since 1980, defendant had hired well over 400 operators, all women.

The first issue in this case is whether plaintiff made a *prima facie* case of discriminatory hiring. The Supreme Court of the United States described what constitutes a *prima facie* case of discrimination under the federal statutes:

"The burden of establishing a prima facie case of disparate treatment is not onerous. The plaintiff must prove by a proponderance [*sic*] of the evidence that she applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination. * * *" *Texas Dept. of Community Affairs v. Burdine,* 450 US 248, 253, 101 S Ct 1089, 67 L Ed 2d 207 (1981).

The opinion in *Burdine* restates the rules of *McDonnell Douglas Corp. v. Green,* 411 US 792, 93 S Ct 1817, 36 L Ed 2d 668 (1973). In *Callan v. Confed. of Ore. Sch. Adm.,* 79 Or App 73, 717 P2d 1252 (1986), we rejected the shifting burden formula of *McDonnell Douglas,* but we did not reject the federal cases' description of the *prima facie* case. Indeed, we noted:

"* * * [W]e understand *McDonnell Douglas Corp. v. Green, supra,* to have the * * * objective of defining the plaintiff's *initial prima facie* burden as being so minimal that it is virtually impervious to a motion based on evidentiary insufficiency. We agree with the objective of enabling the plaintiff to reach the factfinder without producing the direct evidence concerning discrimination that the employer rather than the plaintiff is better able to produce * * *." 79 Or App at 78 n 3. (Emphasis in original.)

We now adopt for ORS Chapter 659 actions the formulation in *Burdine* of what constitutes a plaintiff's *prima facie* case.

■ Defendant claims that plaintiff did not make a *prima facie* case, because he produced no direct evidence of discrimination; however, plaintiff may make his case with evidence that permits an inference of discrimination, as in *Burdine.* It is clear that plaintiff made a *prima facie* case of unlawful discrimination. He was qualified for the job, there were several positions available and he was rejected under circumstances which give rise to a strong inference of unlawful discrimination. Not only did defendant hire six women instead of plaintiff on November 21 and 28, 1983, but it also had hired only women since 1980. All of the 150 operators at defendant's plant were women. Plaintiff testified that he was told that defendant did not hire men, because they did not remain on the job very long. Plaintiff made a *prima facie* case of unlawful discrimination in hiring. *See Bureau of Labor and Ind. v. City of Roseburg,* 75 Or App 306, 311, 706 P2d 956 (1985).

Defendant argues that, even if plaintiff made a *prima facie* case of discrimination, there was no genuine issue of material fact, because it asserted a nondiscriminatory reason for refusing to hire plaintiff. Both parties analyze this case in terms of the three-part shifting burden analysis which courts have applied under federal discrimination law since *McDonnell Douglas Corp. v. Green, supra.* As noted above, we rejected that analysis under Oregon's anti-discrimination law in *Callan v. Confed. of Oreg. Sch. Adm., supra,* when we said:

"'* * * Whether the proposition is that there is a first or a second shifting of the burden of proof, the objective of finding the facts correctly is not advanced by the artifice of making a chronological progression of evidentiary burdens the basis for deciding whether either party is entitled to survive the other's motion for summary judgment or a directed verdict. * * *'" 79 Or App at 77 n 3.

For the same reason, we reject defendant's argument that it is entitled to summary judgment simply because it advanced a general defense. A plaintiff's *prima facie* case does not disappear merely because a defendant asserts a nondiscriminatory reason which may or may not persuade the trier of fact. *City of Portland v. Bureau of Labor and Ind.,* 298 Or 104, 115, 690 P2d 475 (1984); *Callan v. Confed. of Oreg. Sch. Adm., supra.* The trial court erred in granting defendant a summary judgment.

Reversed and remanded.