On appellant's petition for attorney fee filed June 11, petition allowed November 19, 1986, reconsideration denied January 9, petition for review allowed February 18, 1987
(302 Or 614)

# HENDERSON,
*Appellant,*

*v.*

# JANTZEN, INC.,
*Respondent.*

## (CC 84-27; CA A35739)
728 P2d 579

Larry H. Blakely, Hood River, for petition.

Richard N. Van Cleave, Lindsey H. Hughes and Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland, appeared contra.

Before Young, Presiding Judge, and Warren and Deits, Judges.

WARREN, J.

## WARREN, J.

In this action for damages and injunctive relief, plaintiff alleges that he was denied employment because of his sex, in violation of ORS 659.030(1)(a). The trial court granted defendant's motion for summary judgment and plaintiff appealed. We reversed the trial court's judgment and remanded the case for trial. *Henderson v. Jantzen, Inc.,* 79 Or App 654, 719 P2d 1322 *rev den* 302 Or 35 (1986). Plaintiff now petitions for attorney fees incurred on appeal, pursuant to ORS 659.121(1) and ORS 20.310(2).[1] ORS 659.121(1) provides, in part:

"In any suit brought under this subsection, the court may allow the prevailing party costs and reasonable attorney fees at trial and on appeal."

Plaintiff is thus entitled to attorney fees if he is considered the prevailing party due to our reversal of the trial court's judgment.

Although the federal case law cited by defendant[2] is consistent with Oregon cases requiring a final judgment on the merits before a plaintiff is a prevailing party under ORS 20.096(1),[3] ORS 20.015 defines "prevailing party" differently

---

[1] ORS 20.310(2) allows for an award of attorney fees on appeal "as provided by law." That statute does not provide an independent basis for an award of attorney fees. *Compare Northwest Acceptance Corp. v. Bles Studs,* 74 Or App 248, 251, 702 P2d 1128 (1985), and *Rogerson v. Baker,* 56 Or App 748, 749, 642 P2d 1216 (1982).

[2] Defendant also cites *Carlson v. AFSCME,* 77 Or App 49, 711 P2d 199, *rev den* 300 Or 332 (1985), for the proposition that there must be a final adjudication on the merits before a plaintiff can be awarded attorney fees as prevailing party. In *Carlson* the statute authorizing attorney fees was ORS 243.676(2)(d), which expressly provides that before attorney fees may be awarded, the Employment Relations Board must find that the defendant has engaged or is engaging in an unfair labor practice. ORS 659.121(1), on the other hand, sets forth no such requirement.

[3] *See, e.g., U.S. Nat'l Bank v. Smith,* 292 Or 123, 127-28, 637 P2d 139 (1981). ORS 20.096(1) provides:

"In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and disbursements."

ORS 20.096(5) provides:

"Except as provided in ORS 20.015, as used in this section and ORS 20.097 'prevailing party' means the party in whose favor final judgment or decree is rendered."

for purposes of awarding attorney fees on appeal. ORS 20.015 provides:

> "As used in this chapter 'prevailing party' on appeal may include, at the discretion of the appellate court, any party who obtains a substantial modification of the judgment, decree or other decision of the trial court." *See also* ORAP 11.05(4).

█     We construe ORS 20.015 to mean that a party which obtains a substantial benefit from appealing is the prevailing party and is entitled to attorney fees in the discretion of the court. The statute requires neither a final judgment on the merits nor that the petitioning party prevail on a significant issue concerning the merits of the case. We will not read in such a requirement. Our holding is not inconsistent with *Flying Tiger Line v. Portland Trading Co.,* 290 Or 605, 624 P2d 117 (1981). The Supreme Court there held that, to be entitled to attorney fees in an action on a contract which provides for attorney fees on appeal, the party, under ORS 20.096, must prevail on the contract claim itself. The court recognized in *dictum,* however, that a final judgment is not needed when attorney fees are allowed as part of costs to a party who prevails on appeal. *See* ORS 20.310 and ORS 20.015. We agree that that *dictum* is correct.

█     Plaintiff is the prevailing party on appeal, because he obtained a reversal of the summary judgment granted by the trial court. Obviously, that relief is a substantial modification of the trial court's decision and is of substantial benefit to plaintiff.

We conclude that a fee should be awarded and that the sum of $3,500 is reasonable.

Petition for attorney fees is allowed in the amount of $3,500.