Argued and submitted April 8, Court of Appeals reversed June 9, 1987

# HENDERSON,
*Respondent on Review,*

*v.*

# JANTZEN, INC.,
*Petitioner on Review.*

(TC 84-27; CA A35739; SC S33553)

737 P2d 1244

Lindsey H. Hughes, Portland, argued the cause for petitioner on review. With her on the petition were Richard N. Van Cleave and Spears, Lubersky, Campbell, Bledsoe, Anderson and Young, Portland.

Larry H. Blakely, Hood River, argued the cause for respondent on review.

Before Peterson, Chief Justice, and Lent, Linde, Carson, Jones and Gillette, Justices.

GILLETTE, J.

## GILLETTE, J.

The issue in this case is whether the Court of Appeals properly awarded attorney fees incurred in an appeal that resulted in the reversal of a summary judgment. Under statutes to be discussed below, that court had the power to award the fees. However, the court's disposition of the underlying appeal left a trial to be held, with the ultimate prevailing party necessarily undetermined until after that trial. We hold that, under such circumstances, the Court of Appeals erred in awarding attorney fees and, accordingly, we reverse.

This case began when plaintiff filed an action for unlawful employment practices under ORS 659.030(1)(a),[1] alleging that defendant denied him employment because of his sex. The trial court granted defendant's motion for summary judgment. The Court of Appeals reversed and remanded for trial. *Henderson v. Jantzen, Inc.,* 79 Or App 654, 719 P2d 1322, *rev den* 302 Or 35 (1986).

Plaintiff then petitioned for attorney fees incurred on appeal. ORS 659.121(1) provides:

"Any person claiming to be aggrieved by an unlawful employment practice prohibited by ORS 659.030, 659.035, 659.227, 659.270, 659.295, 659.330, 659.340, 659.410, 659.415, 659.420 or 659.425 may file a civil suit in circuit court for injunctive relief and the court may order such other equitable relief as may be appropriate, including but not limited to reinstatement or the hiring of employes with or without back pay. Back pay liability shall not accrue from a date more than two years prior to the filing of a complaint with the Commissioner of the Bureau of Labor and Industries, pursuant to ORS 659.040, or if no such complaint has first been filed, then, more than two years prior to the filing of the civil suit

---

[1] ORS 659.030(1)(a) provides:

"(1) For the purposes of ORS 659.010 to 659.110, 659.227, 659.330, 659.340 and 659.400 to 659.435, it is an unlawful employment practice:

"(a) For an employer, because of an individual's race, religion, color, sex, national origin, marital status or age if the individual is 18 years of age or older and under 70 years of age, or because of the race, religion, color, sex, national origin, marital status or age of any other person with whom the individual associates, or because of a juvenile record, that has been expunged pursuant to ORS 419.800 to 419.839, of any individual, to refuse to hire or employ or to bar or discharge from employment such individual. However, discrimination is not an unlawful employment practice if such discrimination results from a bona fide occupational requirement reasonably necessary to the normal operation of the employer's business."

provided for in ORS 659.040, 659.045, 659.095 and this section. In any suit brought under this subsection, the court may allow the prevailing party costs and reasonable attorney fees at trial and on appeal."

ORS 20.310(2) allows for awards on appeal of "attorney fees as provided by law." ORS 20.015 provides:

"As used in this chapter 'prevailing party' on appeal may include, at the discretion of the appellate court, any party who obtains a substantial modification of the judgment, decree or other decision of the trial court."

The Court of Appeals concluded that plaintiff in this case was a "prevailing party" within the meaning of ORS 20.015:

"We construe ORS 20.015 to mean that a party which obtains a substantial benefit from appealing is the prevailing party and is entitled to attorney fees in the discretion of the court. The statute requires neither a final judgment on the merits nor that the petitioning party prevail on a significant issue concerning the merits of the case. We will not read in such a requirement." *Henderson v. Jantzen, Inc.,* 82 Or App 462, 465, 728 P2d 579 (1986).

Concluding that the reversal of the summary judgment against plaintiff was "a substantial modification of the trial court's decision and is of substantial benefit to plaintiff," the Court of Appeals allowed plaintiff's petition for attorney fees in the amount of $3,500. *Id.*

The legislative history suggests that ORS 20.015 was enacted in response to this court's decision in *U.S. Nat'l Bank v. Smith,* 292 Or 123, 637 P2d 139 (1981). Minutes, House Judiciary Committee, Subcommittee 2 (February 15, 1983) (Testimony of Norman Winslow); Minutes, Senate Committee on the Judiciary at 2 (June 22, 1983)(Testimony of Norman Winslow). In that case, a suit to foreclose a mortgage, the defendant signed a promissory note that provided, in part:

"[I]n case suit or action is instituted to collect this note * * * I promise to pay such additional sum as the court may adjudge reasonable as attorneys' fees in said suit or action, or on any appeal therefrom * * *."

The trial court entered a decree of foreclosure and awarded the plaintiff $3,156 in attorney fees. On appeal, the Court of Appeals affirmed the decree of foreclosure but

reduced the award of attorney fees to $750. That court subsequently granted the defendant's petition for attorney fees incurred on appeal on the ground that the defendant was the prevailing party under ORS 20.096(5), which, at that time, defined the "prevailing party" in a contract action as "the party in whose favor final judgment or decree is entered." This court reversed the award of attorney fees to the defendant and awarded attorney fees to the plaintiff as the prevailing party. This court held that, even though the final decree had been modified to reduce the award of attorney fees, it still was rendered in favor of the plaintiff because the Court of Appeals affirmed the decree of foreclosure entered in the plaintiff's favor. 292 Or at 128.

In a specially concurring opinion, then Chief Justice Denecke urged the legislature to amend ORS 20.096(5), noting that, as the statute then read, the following situation could result:

> "Assuming that the plaintiff secured a judgment for $100,000 in the trial court and on appeal, the defendant was able to convince the appellate court to reduce that to $100, under our reasoning in the present case it might be thought that the plaintiff is still 'the prevailing party' in such a situation. If so, an attorney fee on appeal would be payable to the plaintiff."

292 Or at 129 (Denecke, C. J., specially concurring).

In 1983, the legislature enacted ORS 20.015, which provides that, at the appellate court's discretion, a prevailing party "may" include one who obtains a substantial modification on appeal. While there can be no gainsaying the fact that plaintiff's success here is a "substantial modification," we believe that the Court of Appeals was too literal in awarding attorney fees under the statute on account of that intermediate and, possibly, temporary success. The statute appears to have been aimed primarily at the situation in which a final decree or judgment is affirmed but is substantially reduced or otherwise modified on appeal, *i.e.,* a situation in which the appellate disposition effectively brings the proceedings to an end. In this case, however, plaintiff succeeded only in obtaining a trial on the merits of his claim. A party who "prevails" temporarily ultimately may lose the case on the merits. Such temporary gains do not warrant the award of attorney fees.

Any other rule creates the spectre of cases in which, because of successive appeals, all or several contending parties ultimately end up owing attorney fees to each other. The proper exercise of discretion under ORS 20.015 will avoid such anomalous circumstances. We hold that the Court of Appeals erred in awarding attorney fees to plaintiff at this stage of the case.[2]

The decision of the Court of Appeals is reversed.

---

[2] We express no opinion on whether plaintiff would be entitled to attorney fees for work done in the Court of Appeals and this court, should he ultimately prevail on the merits.