Submitted on appellant's statement of costs filed September 28, 1992, costs awarded March 3, 1993

Jerry W. AKINS,
*Appellant,*

*v.*

BUCYRUS-ERIE COMPANY,
a Delaware corporation,
*Respondent,*

*and*

McDOUGAL BROS., INC.,
an Oregon corporation,
*Defendant.*

(16-90-05043; CA A70260)

848 P2d 124

George W. Kelly, Eugene, for the statement.

William G. Wheatley, Eugene, *contra.*

Before Riggs, Presiding Judge, and DeMuniz and Durham, Judges.

DURHAM, J.

## DURHAM, J.

In *Akins v. Bucyrus-Erie Co.*, 115 Or App 222, 837 P2d 981, *rev den* 315 Or 271 (1992), we reversed a summary judgment for defendant and remanded for further proceedings. Plaintiff filed a statement of costs. ORS 20.320. Defendant objected, contending that a party who obtains a reversal of a summary judgment is not the "prevailing party" for purposes of an award of costs.

Under ORS 20.310, the prevailing party on appeal is entitled to recover costs and disbursements. Defendant argues that plaintiff is not the prevailing party because the trial court has not entered a final judgment. It relies on *Henderson v. Jantzen, Inc.*, 303 Or 477, 480, 737 P2d 1244 (1987), which held that, for purposes of recovering prevailing party attorney fees, the prevailing party is the party who prevails at the end of the proceeding on remand.

■     That case is distinguishable because it involved a claim for prevailing party attorney fees. This case involves a claim for statutory costs on appeal. The right to recover costs on appeal is governed by the result on appeal, not by whether the party seeking costs obtains a favorable final judgment. *Flying Tiger Line v. Portland Trading Co.*, 290 Or 605, 609, 624 P2d 361 (1981), addressed an attorney fee issue but recognized that a party's status as "prevailing party on appeal" under ORS 20.310 is governed by "the outcome of the appeal rather than the final judgment or decree * * *." In *McKinney v. Nayberger et al*, 138 Or 203, 221, 295 P 474, 2 P2d 1111, 6 P2d 228, 6 P2d 229 (1931), the court said:

> "[C]osts covering the expenses incurred upon appeal are generally allowed to the prevailing party upon a reversal in this court unaccompanied with a final judgment [citations omitted]."

■     We recognize the possibility that a successful appellant may lose the case on remand, with the result that that party is entitled to costs on the appeal but owes costs to the opponent in the trial court. However, under ORS 20.310, costs on appeal are paid because the successful appellant or cross-appellant has established the existence of error and was obliged to appeal to do so. As stated in *Lemler v. Bord*, 80 Or 224, 232, 156 P 427, 156 P 1034 (1916):

"The result of the decision here was that the defendant prevailed, having succeeded in establishing the existence of error. To accomplish this he was obliged to appeal and, having maintained his contention, is entitled to costs and disbursements."

In contrast, costs at the trial level, like prevailing party attorney fees at trial or on appeal, are awarded because the successful party has prevailed on the merits of the action and has obtained a judgment or decree that brings the proceeding to an end. ORCP 68B; *Henderson v. Jantzen, Inc., supra,* 303 Or at 481. Because plaintiff prevailed on appeal, his cost bill is not vulnerable to the objection that the trial court has not yet entered a final judgment.

Costs awarded.