Submitted on appellants' petition for attorney fees filed December 4, 1992, attorney fees awarded on appeal March 3, 1993

Don G. SHEPPARD,
Pauline C. Sheppard, Robert H. McClay,
Doris McClay, Iver E. Cox and Karen M. Cox,
*Appellants,*

*v.*

Douglas G. SMITH,
and Eastern Oregon Propane, Inc.,
nka S, S & S Enterprises, Inc.,
*Respondents.*

(88-171; CA A65946)

848 P2d 126

George W. Kelley, Eugene, for the petition.

David B. Hydes, Canyon City, *contra.*

Before Riggs, Presiding Judge, and De Muniz and Durham, Judges.

DURHAM, J.

## DURHAM, J.

In this lease dispute, plaintiffs petition for prevailing party attorney fees for the appeal. Defendants object to the petition. We overrule defendants' objections and allow attorney fees.

In *Sheppard v. Smith*, 116 Or App 267, 840 P2d 1367 (1992), plaintiffs alleged that defendants breached a lease and sought ejectment and damages. Defendants denied those claims and counterclaimed for breach of the lease, for damages for breach of a right of first refusal to purchase real property and for intentional interference with contract. The jury found that defendants had not breached the lease, but in an unexplained inconsistency,[1] awarded plaintiffs possession of the premises and damages for lost profits. It also found for defendants on their counterclaims for intentional interference with contract and for breach of the right of first refusal. The court awarded defendants attorney fees pursuant to the lease. ORS 20.096(1).[2]

On appeal, we reversed the judgment for defendants for damages of $6,516.04 for breach of the right of first refusal in the lease and for attorney fees. We remanded to the trial court the issue whether plaintiffs prevailed under the lease and, if so, the amount of attorney fees to which they are entitled. Although plaintiffs had recovered damages in the sum of $3,183.09 for defendants' refusal to surrender the premises and had recovered possession of the premises, we held that we could not tell whether they had prevailed under the lease. 116 Or App at 273.

Defendants raise two procedural objections to the petition. We reject them without discussion. They also contend that, under *Flying Tiger Line v. Portland Trading Co.*, 290 Or 605, 624 P2d 117 (1981), we are not authorized to

---

[1] The opinion notes: "The apparent inconsistency in the verdict is not explained and is not an issue on appeal." 116 Or App at 271 n 2.

[2] ORS 20.096(1) provides:

"In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and disbursements."

award attorney fees on appeal because the trial court has not determined whether plaintiffs have prevailed on their breach of lease claim. In *Flying Tiger Line*, we awarded attorney fees on appeal under ORS 20.096(1) to a party that had prevailed in obtaining a reversal of a summary judgment against it. The Supreme Court reversed, because the appellate judgment was not a final judgment or decree in that party's favor. The court applied ORS 20.096(5), which, at that time, provided:

> "As used in this section and ORS 20.097 'prevailing party' means the party in whose favor final judgment or decree is rendered."

■ Plaintiffs argue that *Flying Tiger Line* no longer states the law because two intervening legislative amendments have nullified it. Oregon Laws 1983, chapter 527, section 1 amended ORS 20.096(5), which now provides:

> "*Except as provided in ORS 20.015*, as used in this section and ORS 20.097 'prevailing party' means the party in whose favor final judgment or decree is rendered." (Emphasis supplied.)

Section 3 of that act created ORS 20.015, which provides:

> "As used in this chapter 'prevailing party' on appeal may include, at the discretion of the appellate court, any party who obtains a substantial modification of the judgment, decree or other decision of the trial court."

Plaintiffs are partially correct. In *Henderson v. Jantzen, Inc.*, 303 Or 477, 481, 737 P2d 1244 (1987), the court held that an appellate court now has statutory authority to award attorney fees on appeal in a contractual prevailing party attorney fee dispute even though the trial court has not entered a final judgment as long as the appellate disposition effectively ends the proceeding. According to *Henderson*:

> "The statute appears to have been aimed primarily at the situation in which a final decree or judgment is affirmed but is substantially reduced or otherwise modified on appeal, *i.e.*, a situation in which *the appellate disposition effectively brings the proceedings to an end*." 303 Or at 481 (Emphasis supplied.)

We are not required to award fees on appeal because the question whether to award fees is left to our discretion.

■ Plaintiffs make two arguments in support of their claim that they are prevailing parties on appeal under ORS 20.015. First, they argue that this court did not disturb the judgment for plaintiffs for damages for defendants' refusal to surrender the premises. However, plaintiffs do not challenge our decision that we cannot tell whether plaintiffs prevailed on their breach of lease claims. We will not allow plaintiffs to indirectly contest our ruling through an attorney fee petition.

Second, plaintiffs argue that they obtained a reversal of the judgment for defendants for $6,516.04 in damages for breach of the lease. Our decision on that issue is a substantial modification of the trial court judgment and it effectively terminated the proceeding as to defendants' breach of lease claims. Plaintiffs' success on those claims was not a temporary victory. Plaintiffs are prevailing parties on appeal under ORS 20.015 and ORS 20.096(1).

Defendants make no argument that we should exercise our discretion to decline to award attorney fees on appeal and we see no reason to decline. They also do not challenge the reasonableness of the fees requested, although plaintiffs acknowledge that their requested fee of $7,324.30 should be reduced by $250 for time spent briefing an argument for which no fee may be recovered.

Attorney fees on appeal[3] awarded in the sum of $7,074.30.

---

[3] Our ruling does not affect the trial court's authority to award attorney fees under ORS 20.096(1) to the party who prevails before it on a claim arising out of the lease.