92 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ross TURNEY, Plaintiff-Appellant,
v.
BELTSERVICE CORPORATION, a Missouri corporation, Defendant-Appellee.
 No. 95-35063.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 12, 1996.*
Decided Aug. 2, 1996.
 
 1
 Before: GOODWIN and BRUNETTI, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Plaintiff-Appellant, Ross Turney ("Turney" or "Appellant") appeals from the district court's Order entered on December 13, 1994, adopting Magistrate Judge Jelderks' Findings and Recommendations granting Beltservice Corporation's ("Beltservice" or "Appellee") motion for summary judgment in this age discrimination action. The district court's grant of summary judgment is reviewed de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996). "Although courts are generally cautious about granting summary judgment when motivation and intent are at issue, as in Title VII and ADEA cases, such relief may nonetheless be appropriate." Foster v. Arcata Assoc., Inc., 772 F.2d 1453, 1459 (9th Cir.1985), cert. denied, 475 U.S. 1048 (1986).
 
 I.
 
 4
 Turney began working for Goodyear Rubber & Supply Co., a predecessor of Fabricon, in 1968, and was working for Fabricon when Beltservice acquired it in 1983. He continued to work for Beltservice after it purchased Fabricon and became the general manager of the Portland operation in 1986. Turney was terminated on October 5, 1992 and was 51 years old at that time.
 
 
 5
 Mike Coser had worked for Beltservice since 1977 and filled Turney's position. Coser was nine years younger than Turney. The position that Coser formerly held, Operations Manager, was not filled, and Coser worked in both his old and new capacity.
 
 
 6
 Turney was earning a base annual salary of $72,500 when he was terminated and received commissions from sales, as well as a discretionary bonus, and an automobile allowance. Beltservice reported Turney's total compensation for 1991 as $94,227.04. Coser's annual salary, with the commission, bonus and automobile allowance was estimated at $74,480 when he was promoted.
 
 II.
 
 7
 The Age Discrimination in Employment Act (ADEA) makes it unlawful for an employer to discharge an individual at least forty years of age because of such individual's age. 29 U.S.C. §§ 623(a)(1), 631(a). A plaintiff may bring a claim for age discrimination based on disparate treatment or disparate impact. Palmer v. United States, 794 F.2d 534, 536 (9th Cir.1986). The disparate treatment theory involves intentional discrimination. Under the disparate impact theory, the plaintiff must show that facially neutral employment practices adversely impacted individuals in the protected age class. Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1109 (9th Cir.1991). Turney failed to specify which theory of age discrimination he allegedly experienced in his complaint. Furthermore, Turney did not provide any arguments or evidence to support allegations that Beltservice conducted facially neutral practices which adversely impacted individuals in the protected age range. Therefore, we only consider the claims under the disparate treatment theory.
 
 
 8
 A prima facie case of intentional discrimination based on race, sex, age or national origin "may be based either on a presumption arising from the factors such as those set forth in McDonnell Douglas Corp. v. Green ... or by more direct evidence of discriminatory intent." Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994). Under McDonnell Douglas, a plaintiff must show: (1) membership in a protected class; (2) that he or she applied for and was qualified for a job; (3) that an employment decision was made despite these qualifications; and (4) that the position remained open and the employer continued to consider applicants with comparable qualifications." McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).
 
 
 9
 Turney contends that he has made a prima facie case of age discrimination. However, this court has made clear that,
 
 
 10
 in deciding whether an issue of fact has been created about the credibility of the employer's nondiscriminatory reasons, the district court must look at the evidence supporting the prima facie case, as well as the other evidence offered by the plaintiff to rebut the employer's offered reasons. And, in those cases where the prima facie case consists of no more than the minimum necessary to create a presumption of discrimination under McDonnell Douglas, plaintiff has failed to raise a triable issue of fact.
 
 
 11
 Wallis v. J.R. Simplot Co., 26 F.3d 885 (9th Cir.1994), explaining Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1111 (9th Cir.1991). This court also specifically held in Lindahl v. Air France, 930 F.2d 1434, 1437 (9th Cir.1991) that "a plaintiff cannot defeat summary judgment simply by making out a prima facie case." The plaintiff must produce "specific, substantial evidence of pretext." Steckl v. Motorola, Inc., 703 F.2d 392 (9th Cir.1983).
 
 
 12
 Turney scarcely establishes a prima facie case, and certainly does not provide specific, substantial evidence of pretext. Although Turney asserts that he was replaced by "younger, cheaper labor," he has not shown whether or how he was unfairly impacted based upon his age. Turney's mere assertions that Beltservice acted with discriminatory intent in terminating his employment are insufficient and without "substantial factual evidence" to preclude summary judgment.
 
 
 13
 Turney also argues that Hazen Paper Co. v. Biggins, 507 U.S. 604 (1993) is distinguishable from this case. In Hazen, the Court considered the question of whether an employer violates the ADEA by acting on the basis of a factor, such as an employee's pension status or seniority, that is empirically correlated with age. The Court clarified that "there is no disparate treatment under the ADEA when the factor motivating the employer is some feature other than the employee's age." Hazen at 608. Turney argues that this case is not analogous to Hazen because he alleged not only that he was terminated because of his high salary, which was related to his age, but also alleged that his replacement "represented younger, cheaper labor to the company." We find that Hazen indeed applies to this case where the motivating factor for terminating Turney appears to be one which is related to, but not the same as, his age.
 
 
 14
 Beltservice produced evidence in its moving papers to show that its decision to terminate Turney was based on factors such as salary level, personnel difficulties, and job performance. In reviewing the summary judgment motion in the light most favorable to Turney, we again find that Beltservice's decision was motivated by factors other than age, even though the motivating factor might have correlated with age. See Hazen at 611. The court finds no evidence that Beltservice made a decision which was "the result of an inaccurate and denigrating generalization about age...." Hazen at 612. The ADEA "requires the employer to ignore an employee's age (absent a statutory exemption or defense); it does not specify further characteristics that an employer must also ignore." Id.
 
 
 15
 Turney has not succeeded in countering Beltservice's motion for summary judgment by presenting evidence from which a trier of fact could infer discriminatory motive for his discharge. The district court therefore properly granted summary judgment in favor of Beltservice on the ADEA claim.
 
 III.
 
 16
 With regard to the Oregon state claim, based on Or.Rev.Stat. Chap. 659, the standard for summary judgment is not identical to the federal standard. The court in Henderson v. Jantzen, Inc., 79 Or.App. 654, 719 P.2d 1322 (Or.App.1986), held that the defendant could not prevail on summary judgment by simply asserting a nondiscriminatory reason in response to plaintiff's showing of a prima facie case. This court in Messick v. Horizon Indus., Inc., 62 F.3d 1227, 1232 (9th Cir.1995), interpreted Henderson to establish that a prima facie case is sufficient to avoid summary judgment, even where the defendant asserted a nondiscriminatory reason for action. Turney's state claim therefore cannot properly be decided by summary adjudication.
 
 
 17
 The Magistrate Judge established that Turney "has produced evidence supporting a prima facie case." Under Messick 's reasoning, this court must reverse and remand the granting of summary judgment on the state claim. The district court may use its discretion in deciding whether to exercise supplemental jurisdiction over the state claim.
 
 
 18
 AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.
 
 
 19
 BRUNETTI, Circuit Judge, concurring in part and dissenting:
 
 
 20
 I concur in Parts I and II, and respectfully dissent from Part III.
 
 
 21
 As I read Henderson v. Janzen, Inc. and Messick v. Horizon Industries, Inc., both cases stand for the proposition that the mere assertion of a non-discriminatory reason is not sufficient to overcome the plaintiff's prima facie case and compel an award of summary judgment to the defendant. Henderson, 719 P.2d 1322, 1324 (Or.App.1986) ("a plaintiff's prima facie case does not disappear merely because a defendant asserts a non-discriminatory reason which may or may not persuade the trier of fact"); Messick, 62 F.3d 1227, 1232 (9th Cir.1995) ("requiring only that plaintiff establish prima facie case of discrimination to avoid summary judgment, even where defendant asserted nondiscriminatory reason for action") (summarizing Henderson ). Neither court went so far as to expressly state that regardless of how much evidence defendant presents, a plaintiff with a prima facie case is immune from summary judgment. While Henderson is somewhat ambiguous, I am reluctant to read it as compelling such a drastic result. The Henderson court relied on Callan v. Confederation of Oregon Sch. Adm'rs, 717 P.2d 1252, 1254, in which the Oregon Court of Appeals rejected burden shifting and concluded that the burden of persuading the fact-finder remains with the plaintiff. In neither Henderson nor Callan did the court focus on whether plaintiffs could survive summary judgment in the face of uncontested evidence submitted by defendants.
 
 
 22
 Beltservice produced evidence that the termination was based on salary, personnel difficulties that led to morale problems, and job performance. Turney also admitted that he was fired for his high salary. As we are concluding that such a motive is not improper, summary judgment is appropriate on the state claim for the same reasons it is appropriate on the federal claim. Henderson and Messick are distinguishable because in this case Beltservice did more than assert a non-discriminatory reason in that it provided considerable unrefuted evidence of non-discriminatory motive.
 
 
 23
 I would affirm the district court's summary judgment on all claims for appellee Beltservice.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3