141 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jay D. LAWRENCE, Plaintiff-Appellant,
v.
GENUINE PARTS COMPANY, dba Napa Auto Parts, a Georgia
corporation doing business in Oregon, Defendant-Appellee.
 No. 97-15975.
D C No. CV-96-0566-AS.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted Mar. 5, 1998.
Decided Mar. 19, 1998.
 
 Appeal from the United States District Court for the District of Oregon Robert E. Jones, District Judge, Presiding.
 Before FERNANDEZ, RYMER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jay Lawrence (Plaintiff) appeals the grant of summary judgment to Genuine Parts Company (Defendant). The district court adopted the magistrate judge's recommendation that Plaintiff failed to present a prima facie case of age discrimination under the Age Discrimination in Employment Act (ADEA) and Oregon's age discrimination statute. We affirm.
 
 
 3
 We review de novo a district court's order granting summary judgment. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 559, 139 L.Ed.2d 401 (1997). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 4
 A prima facie case can be shown either by direct evidence of discriminatory intent, or it may be based on a presumption arising from the factors set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1992). Schnidrig v. Columbia Mach., Inc., 80 F.3d 1406, 1409 (9th Cir.1996). Plaintiff points to the comments of his supervisor as direct evidence of discriminatory intent. However, viewing those comments in their conversational context, it is apparent that they were made in response to Plaintiff's own remarks concerning his age and any negative connotation related only to Plaintiff's poor job performance. The district court correctly concluded that Plaintiff has failed to present direct evidence of discriminatory intent.
 
 
 5
 Discriminatory intent, however, may also be proven through circumstantial evidence, including evidence that a plaintiff was terminated, even though he was performing his job satisfactorily. Wallis v. J.R. Simplot Co., 26 F.3d 885, 891 (9th Cir.1994). The district court concluded that Plaintiff failed to show that he was performing his job satisfactorily.
 
 
 6
 Plaintiff conceded that he was not meeting Defendant's job performance standards. It is undisputed that Lawrence was not meeting the Defendant's sales and profits quotas on a regular basis, which was noted on Plaintiff's performance evaluations. Plaintiff has not shown that his performance was satisfactory; therefore, he has failed to present a prima facie case of age discrimination.
 
 
 7
 The standard for establishing a prima facie case of age discrimination under Oregon law is identical to that used in federal law. Henderson v. Jantzen, Inc., 79 Or.App. 654, 719 P.2d 1322 (1986). Because Plaintiff has not established a prima facie case under federal law, his state claim must also fail.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Circuit Rule 36-3