**Carrie SERRANO, Plaintiff–Appellant,**

v.

**MULTNOMAH COUNTY,
Defendant–Appellee.**

No. 01–36043.
D.C. No. CV–00–01592–AS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2003.

Decided April 7, 2003.

**22**

Before O'SCANNLAIN,
FERNANDEZ, and FISHER, Circuit
Judges.

### MEMORANDUM*

Carrie Serrano appeals the district court's grant of summary judgment to Multnomah County, Oregon, on her federal and state civil rights claims against it arising out of her discharge. *See* 42 U.S.C. § 1983; Or.Rev.Stat. § 659A.030. We affirm.

(1) Serrano, who was an at-will employee, first asserts that the district court erred when it rejected her claim that her First Amendment and Fourteenth Amendment rights were violated when she was terminated for establishing a personal relationship with an individual, who had been a juvenile detainee and who was still considered to be a county client, without first disclosing her intentions to the county. We disagree. Although she did ultimately marry the client, the dismissal for her overall unreported activities did not improperly or significantly interfere with her right to marry,[1] or with her right to intimate associations,[2] or with her right of privacy.[3]

(2) Serrano also asserts that summary judgment should not have been granted on her claim of sex discrimination under Oregon law. *See* Or.Rev.Stat. § 659A.030. Again, we disagree. Oregon law required her to set out a prima facie case of the type outlined in Title VII cases.[4] *See Henderson v. Jantzen, Inc.,* 79 Or.App. 654, 657, 719 P.2d 1322, 1324 (1986). She did not. Specifically, she failed to present evidence that any similarly situated man—an at-will employee like herself—was treated differently. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1062

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**1.** *See Zablocki v. Redhail,* 434 U.S. 374, 386–88, 98 S.Ct. 673, 681–82, 54 L.Ed.2d 618 (1978); *Califano v. Jobst,* 434 U.S. 47, 53–54, 98 S.Ct. 95, 99–100, 54 L.Ed.2d 228 (1977); *P.O.P.S. v. Gardner,* 998 F.2d 764, 768–69 (9th Cir.1993); *see also McCabe v. Sharrett,* 12 F.3d 1558, 1570, 1573 (11th Cir.1994).

**2.** *See Lyng v. Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am.,* 485 U.S. 360, 364–66, 108 S.Ct. 1184, 1189–90, 99 L.Ed.2d 380 (1988); *Roberts v. United States Jaycees,* 468 U.S. 609, 622–23, 104

S.Ct. 3244, 3252, 82 L.Ed.2d 462 (1984); *cf. Thorne v. City of El Segundo,* 726 F.2d 459, 471 (9th Cir.1983) (negative effect on job performance or employer reputation can justify interference).

**3.** *See Carey v. Population Servs., Int'l,* 431 U.S. 678, 684–86, 97 S.Ct. 2010, 2016, 52 L.Ed.2d 675 (1977); *Fugate v. Phoenix Civil Serv. Bd.,* 791 F.2d 736, 742 (9th Cir.1986).

**4.** *See Texas Dept. of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253–54, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1062 (9th Cir.2002).

(9th Cir.2002); *Gunther v. County of Washington,* 623 F.2d 1303, 1321 (9th Cir. 1979), *aff'd* 452 U.S. 161, 101 S.Ct. 2242, 68 L.Ed.2d 751 (1981); *see also Peele v. Country Mutual Ins. Co.,* 288 F.3d 319, 330 (7th Cir.2002); *Holbrook v. Reno,* 196 F.3d 255, 261 (D.C.Cir.1999); *cf. Jauregui v. City of Glendale,* 852 F.2d 1128, 1134–35 (9th Cir.1988). Indeed, the evidence was to the contrary.

AFFIRMED.