Argued and submitted January 31, appeal dismissed March 2, 1983

PARSONS,
*Respondent,*
*v.*
HENRY et ux,
*Appellants.*

(35798; CA A24410)

659 P2d 430

Gretchen R. Morris, Corvallis, argued the cause for appellants. With her on the brief was Fenner, Barnhisel, Morris & Willis, Corvallis.

Donald P. Reiling, Albany, argued the cause for respondent. With him on the brief was Robert C. McCann, Jr., Albany.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM.

## PER CURIAM.

Defendants Henry appeal from a judgment in this action for foreclosure of a construction lien and for breach of contract, in which those defendants asserted two counterclaims, the second of which was based on racial discrimination. The trial court granted plaintiff's motion for summary judgment on that counterclaim on November 18, 1981. No judgment was entered. Thereafter the case proceeded to trial, resulting in a judgment for plaintiff, which, in amended form, was entered March 18, 1982. The appeal is from that amended judgment order.

■    The judgment disposes of all of plaintiff's claims and of the Henrys' first counterclaim, but it does not dispose of their second counterclaim, as to which the trial court earlier had granted plaintiff's motion for summary judgment. It is not, therefore, a final judgment from which an appeal may be taken. ORCP 67B.[1]

■    Following oral argument, at which this question was raised by the court, defendants Henry filed in this court a "Motion for Leave to File for the Entry of a Second Amended Judgment" in an effort to cure the defect. Even if we were to allow that motion, the defect would not be remedied, because it is jurisdictional. The notice of appeal here is not from the second judgment order. That motion is denied, and the appeal is dismissed.[2]

---

[1] ORCP 67B provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

[2] We note that the proposed "Second Amended Judgment Order" simply states that plaintiff is awarded summary judgment with respect to the Henrys' second counterclaim; it should also state that the second counterclaim is dismissed.