On respondent - cross-appellant's motion to dismiss appeal filed October 3, and on appellants - cross-respondents' supplemental notice of appeal filed October 4, 1984, motion to dismiss denied July 3, 1985

# NORTHWEST ACCEPTANCE CORPORATION,
*Respondent - Cross-Appellant,*

*v.*

# BLES STUDS, INC. et al,
*Defendants,*
NYMAN et al,
*Appellants - Cross-Respondents.*

(40001; CA A32780)

702 P2d 1128

R. Scott Palmer, and Harrang, Swanson, Long & Watkinson, Eugene, appeared for respondent - cross-appellant on motion to dismiss.

David J. Sweeney, Mark B. Weintraub, and Gilbertson, Brownstein, Rask, Sweeney, Kerr & Grim, Portland, appeared for appellants - cross-respondents.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Plaintiff moves to dismiss the appeal of defendants Nyman on the ground that they did not file an undertaking in the amount of $9,500, as required by a post-judgment order of the trial court. Defendants, by a supplemental notice of appeal, appeal from the order. We deny the motion to dismiss the appeal and reverse on the supplemental appeal.

Plaintiff recovered a judgment against defendants which, with interest and attorney fees, totals over $300,000. Defendants filed a notice of appeal and an undertaking in the minimum statutory amount of $500. Plaintiff objected to the undertaking on the ground that it would not indemnify plaintiff for its anticipated attorney fees in case of an affirmance on appeal.[1] The trial court agreed and added $9,000 for anticipated attorney fees to the statutory minimum for other costs and disbursements. In doing so, it noted that "this is a cost bond solely to ensure that the defendant would pay any costs and disbursements which would be awarded to the plaintiff, including attorney's fees on appeal. The undertaking will not stay the proceedings or the enforcement of the judgment."

█　　　An appellant must file an undertaking within ten days after filing the notice of appeal. ORS 19.038(1). ORS 19.040(1) provides in part:

> "The undertaking of the appellant shall be given in the minimum amount of $500 unless otherwise fixed by the court with one or more sureties, to the effect that the appellant will pay all damages, costs and disbursements which may be awarded against the appellant on the appeal not exceeding the sum therein specified * * *."

The issue is whether contractual attorney fees are among the "damages, costs and disbursements" which may be awarded against a losing appellant. We hold that that phrase refers only to items recoverable in a statement of costs and disbursements, not to a separate award of reasonable attorney fees.[2]

---

[1] The trial court held that the underlying documents in the case would justify an attorney fees award to the prevailing party on appeal. Defendants do not dispute that holding.

[2] Under our rules we treat claims for costs separately from claims for attorney fees. The first requires a statement of costs and disbursements as provided in ORAP 11.05; the second requires a petition for attorney fees as provided in ORAP 11.10.

ORS 20.310 sets out the costs and disbursements which the prevailing party on appeal may recover:

> "When costs are allowed to the prevailing party on appeal to the Supreme Court or Court of Appeals the appearance fees, attorney fees, as provided by law; the necessary expenses of transcript or abstract, as the law or rules require; the printing required by rule of the court, and the transcript of testimony or other proceedings, when necessarily forming part of the record on appeal, shall be taxed in the Supreme Court or Court of Appeals as costs of the appeal."

The reference is to attorney fees "as provided by law." We do not construe that provision to refer to reasonable attorney fees provided for in a contract. Rather, it refers to the prevailing party fees established by ORS 20.190.[3]

Before the adoption of ORS 20.190 in 1983, prevailing party fees were provided in *former* ORS 20.070 (*repealed by* Or Laws 1981, ch 898, § 53). They were the statutory "costs," in contrast to the "disbursements" allowed in *former* ORS 20.020 (*repealed by* Or Laws 1981, ch 898, § 53).[4] Their purpose was described in *former* ORS 20.010 (*repealed by* Or Law 1981, ch 898, § 53):

> "The measure and mode of compensation of attorneys shall be left to the agreement, expressed or implied, of the parties; but there may be allowed to the prevailing party in the judgment or decree certain sums by way of indemnity for his

---

[3] ORS 20.190 provides:

"A prevailing party in a civil action or proceeding who has a right to recover costs and disbursements in the following cases also has a right to recover, as a part of the costs and disbursements, the following additional amounts:

"(1) In the Supreme Court or Court of Appeals, on an appeal, $85.

"(2) In a circuit court or district court:

"(a) When judgment is given without trial of an issue of law or fact or on an appeal, $35; or

"(b) When judgment is given after trial of an issue of law or fact, $60.

"(3) In a county court or justice's court one-half of the amount provided for in subsection (2) of this section."

[4] As a result of recent statutory revisions and the adoption of ORCP 68, there is no longer a statutory distinction between "costs" and "disbursements." However, that distinction existed when the legislature adopted ORS 20.310, and it is essential for construing that statute.

attorney fees in maintaining the action or suit, or defense thereto, which allowances are termed costs."

We have held that a prevailing party may not recover the attorney fees awarded as costs under *former* ORS 20.010 and *former* ORS 20.070 in addition to reasonable attorney fees provided by another statute, because both would be awards for attorney fees and only one such award is permissible. *Skinner v. Keeley,* 47 Or App 751, 758, 615 P2d 382 (1980). Although the prevailing party fees provided in ORS 20.190 are not called "costs" or "attorney fees," they are the current version of the former costs which were explicitly designed to indemnify the prevailing party for a portion of the party's attorney fees. The amounts provided in ORS 20.190 are therefore the "attorney fees, as provided by law" which ORS 20.310 states may be included in costs on appeal. They are distinct from reasonable attorney fees, which may be awarded on a different basis.

■      The undertaking which ORS 19.040(1) requires for an appeal is to cover "damages, costs and disbursements" on the appeal. Reasonable attorney fees provided for by contract are not among those items. The trial court erred by considering plaintiff's potential recovery of reasonable attorney fees on appeal in setting the amount of the undertaking. In the absence of any other basis for plaintiff's objections, the $500 undertaking which defendants filed is sufficient to comply with ORS 19.040(1).

Motion to dismiss appeal denied; order setting undertaking on appeal at $9,500 reversed on supplemental notice of appeal.