Submitted on record and briefs May 22, appeal dismissed November 12, 1986

# CENTRAL OREGON PRODUCTION CREDIT ASSOCIATION,
*Respondent,*

*v.*

# BUTLER et ux,
*Defendants,*

# CLARK,
*Appellant.*

(38285; CA A37119)

728 P2d 53

Stanley E. Clark, Redmond, filed the brief *pro se* for appellant.

Edward P. Fitch, Redmond, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff brought this action to foreclose a mortgage. Defendants Butler (debtors) are the mortgagors. Defendant Clark claims an interest in the mortgaged property, apparently as security for the payment of attorney fees, subject to plaintiff's mortgage. He asserted a counterclaim for taxes and assessments levied against the mortgaged property and paid by him to avoid foreclosure by the county and city. He also asserted a cross-claim against debtors for attorney fees and sought a judgment against them to be payable only out of the sale of the property.[1] On plaintiff's motion, a default was entered against debtors; no such order was entered against debtors on Clark's cross-claim, although the record shows no appearance by them. The trial court granted plaintiff a summary judgment and entered a judgment of foreclosure that inadvertently lacked a description of the property interest foreclosed. A corrected judgment was entered describing a greater interest than was mortgaged.[2] Clark appeals from the latter judgment.

Neither the original nor the corrected judgment disposes of Clark's counterclaim and neither contains an express determination that there is no just reason for delay and directs the entry of judgment, as required by ORCP 67B. Accordingly, neither of them is a final judgment. *Hale v. County of Multnomah*, 298 Or 141, 689 P2d 1290 (1984); *May v. Josephine Memorial Hospital*, 297 Or 525, 686 P2d 1015 (1984).

We cannot tell from this record whether the trial court intended to dispose of Clark's counterclaim or intended to enter an appealable judgment without doing so. For those reasons, ORS 19.033(4)[3] is not applicable. *See Parnicky v.*

---

[1] From Clark's pleading it appears that debtors were discharged in bankruptcy and that, because the debt for attorney fees was discharged, they may not be held liable personally. Approximately one year before the debtors' discharge, they conveyed their interest in the property to Clark to "aid" him in collecting the fees.

[2] Plaintiff and Clark agree that the corrected judgment improperly fails to limit the foreclosed interest to an undivided one-half interest in the property.

[3] ORS 19.033(4) provides:

"Notwithstanding the filing of a notice of appeal, the trial court shall have jurisdiction, with leave of the appellate court, to enter an appealable judgment if

*Williams,* 302 Or 150, 727 P2d 121 (1986).

Appeal dismissed.

---

the appellate court determines that:

"(a) At the time of the filing of the notice of appeal the trial court intended to enter an appealable judgment; and

"(b) The judgment from which the appeal is taken is defective in form or was entered at a time when the trial court did not have jurisdiction of the cause under subsection (1) of this section, or the trial court had not yet entered an appealable judgment."