Submitted on respondent Security Pacific Bank of Washington, N.A.'s Motion to Dismiss Appeal for Failure to Post Required Undertaking, motion to dismiss denied with leave to renew; order setting amount of undertaking vacated; remanded for further proceedings January 13, reconsideration denied April 22, petition for review denied May 25, 1993 (316 Or 527)

FINANCIAL FACTORING CORPORATION,
an Oregon corporation,
*Respondent,*

*v.*

UNITED ELECTRIC
APPARATUS REPAIR, INC.,
an Oregon corporation,
Richard A. Green, Barbara K. Gilyeat,
Nancy L. Green, State of Oregon,
Security Pacific Bank of Washington, N.A.,
County of Multnomah,
*Respondents,*

*and*

Richard W. GREEN
and Alice Irene Green,
*Appellants,*

*and*

Ralph COBB
and Ralph A. Green,
*Defendants,*

*and*

Richard W. GREEN,
*Third-Party Plaintiff - Appellant,*

*v.*

Paul TOOGOOD
and Donald Riddell,
*Third-Party Defendants - Respondents.*

(A9009-05431; CA A75113)

845 P2d 215

Linda R. Johannsen, Portland, for motion.

George W. Kelly, Eugene, *contra*.

Before Rossman, Presiding Judge, and Riggs and De Muniz, Judges.

RIGGS, J.

## RIGGS, J.

This is a motion by defendant-respondent Security Pacific Bank (Security Pacific) to dismiss the appeal filed by defendant-appellants Richard and Alice Green (Richard and Alice individually, and the Greens collectively) from judgments entered against them in a foreclosure proceeding. The Greens separately appeal an order of the trial court that required them to file a new undertaking in the amount of $35,000. Security Pacific moved for dismissal of the former appeal for failure to file the undertaking ordered by the trial court. We deny the motion to dismiss with leave to renew, and remand the matter of the undertaking to the trial court.

This action began as an action by plaintiff Financial Factoring Corp. to foreclose on certain property. At least 13 defendants were named, including other lien holders as well as the property owners. The litigation has continued for some 20 months in Multnomah County Circuit Court, in the course of which several judgments were entered disposing of all claims. Plaintiff Financial Factoring Corporation and defendant Security Pacific obtained judgments of foreclosure on certain personal property or recovered money or both. Some of the judgments were entered against the Greens and they appealed, filing an undertaking in the amount of $500, as required by ORS 19.038 and ORS 19.040. Security Pacific challenged the undertaking on the grounds that it was not supported by a sufficient surety and that the amount was insufficient. The trial court agreed that the surety was inadequate and required a new one. The trial court agreed with Security Pacific's argument that the amount was insufficient, because it did not include the amount of damages that could be awarded under ORS 19.160. That statute allows the appellate court to award additional damages in the amount of 10 percent of the judgments appealed from if it finds that the appeal was taken without probable cause.[1] The trial court ordered the Greens to file a new undertaking in the amount of

---

[1] ORS 19.160 provides:

"Whenever a judgment or decree is affirmed on appeal, and it is for recovery of money, or personal property or the value thereof, the judgment or decree shall be given for 10 percent of the amount thereof, for damages for the delay, unless it appears evident to the appellate court that there was probable cause for taking the appeal."

$35,000. They filed a new undertaking with a proper surety,[2] but the amount of the undertaking remained at $500. The Greens have separately appealed the order that the undertaking be in the amount of $35,000. Security Pacific then filed a motion to dismiss the appeal for failure to file an undertaking in that amount.[3]

▇▇▇▇ The Greens contend that the reference to damages in ORS 19.040 does not refer to damages that may be awarded under ORS 19.160. They are wrong. *Stirling v. Dari-Delite, Inc.*, 262 Or 359, 370, 491 P2d 1168, 494 P2d 252, 498 P2d 753 (1972), holds that damages under ORS 19.040 include damages under ORS 19.160. On appeal from a judgment for money or personal property, the amount of the undertaking may include prospective damages under ORS 19.160 that might be awarded on a determination that the appellant did not have "probable cause" for taking the appeal. The test for "probable cause" for taking an appeal is whether

> "the appellant has assigned * * * grounds that are open to doubt or are debatable, or over which rational, reasonable or honest discussion may arise." *Broyles v. Brown*, 295 Or 795, 801, 671 P2d 94 (1983). (Citations omitted.)

*See also Stronach v. Ellingsen*, 108 Or App 37, 814 P2d 175, *rev den* 312 Or 151 (1991). In the course of making that determination, the appellant must be given an opportunity to identify what will be assigned as error on appeal. Because the trial court has the responsibility of determining in the first instance the sufficiency of the undertaking, the task of

---

[2] The sufficiency of the surety on the second undertaking has not been challenged, and that issue is not before this court.

[3] Security Pacific argued below that the undertaking should be in the amount of $45,000, which is 10 percent of the total of the several judgments in this case. Our review of the limited record before us indicates that there is only one money judgment against Richard for $97,955.31, for attorney fees and costs. There is no money judgment against Alice. It is not clear whether the trial court included that amount in calculating the amount of the undertaking. It is possible that the trial court included only the value of the personal property that is the subject of the foreclosure judgments. In calculating the amount of the undertaking, the trial court could include the amount of any money judgments against appellants as well as the value of the foreclosed personal property. ORS 19.040(1)(b). In any event, the Greens have conceded that there are judgments against them totalling $350,000 and, apparently, that is the amount that the trial court used in calculating the amount of the undertaking.

determining whether an appellant has probable cause for taking an appeal likewise falls to the trial court.

We deny the motion to dismiss with leave to renew. The matter of the undertaking is remanded to the trial court. Appellants are required to identify which issues they intend to raise on appeal, and the trial court must determine whether appellants have probable cause for taking the appeal.[4]

Motion to dismiss denied with leave to renew; order setting the amount of the undertaking vacated; remanded for proceedings not inconsistent with this opinion.

---

[4] Our remand does not in any way signify our own view as to the ultimate propriety of damages, sanctions, penalties or costs on appeal.