On appellant - cross-respondent's supplemental appeal filed May 24, from an order setting the amount of undertaking on appeal, and on respondent - cross-appellant's motion to dismiss appeal filed June 6, 1994, affirmed on supplemental appeal; motion to dismiss appeal of judgment of dissolution of marriage allowed unless wife files undertaking as decided July 5, petition for review denied October 3, 1995 (322 Or 168)

In the Matter of the Marriage of

Georgia Lynn SALAZAR,
now known as Kruusi,
*Appellant - Cross-Respondent,*
*and*

David Lynn SALAZAR,
*Respondent - Cross-Appellant.*

(82-2030-NJ-1; CA A83124)

898 P2d 1366

Thad M. Guyer for appellant - cross-respondent.

Matthew Sutton for respondent - cross-appellant.

Before Landau, Presiding Judge, and Haselton and Armstrong, Judges.

HASELTON, J.

## HASELTON, J.

Wife has appealed and husband has cross-appealed from a dissolution judgment. Wife has also filed a supplemental appeal from the trial court's order requiring her to post an undertaking on appeal in the amount of $350. ORS 19.045(2). Husband now moves to dismiss wife's principal appeal because of her failure to post the $350 undertaking. We consider the supplemental appeal and husband's motion together, after inviting briefing on those matters, and conclude that the trial court did not err in requiring an undertaking of $350, rather than waiving the undertaking entirely. Accordingly, we affirm on the supplemental appeal. We further conclude that husband's motion is well-founded and direct that the principal appeal be dismissed unless wife posts the required undertaking within 21 days of the date of this opinion.[1]

When wife appealed from the dissolution judgment, we deferred her filing fee based on her affidavit of indigence. ORS 21.605. Subsequently, she moved in the trial court to have the undertaking on appeal, prescribed by ORS 19.038(1) and ORS 19.040(1),[2] waived on the basis of indigence. ORS 19.045(2). The trial court initially granted a waiver but reconsidered that ruling after husband filed an objection. The court subsequently entered an order requiring wife to post a $350 undertaking on appeal, and she filed a supplemental notice of appeal from that order. Wife has not posted the undertaking, and husband now moves to dismiss her appeal because of that failure.

---

[1] We do not consider, much less decide, the merits of wife's principal appeal and husband's cross-appeal.

[2] ORS 19.038(1) provides:

"Except as provided in ORS 19.045, within 14 days after the filing of the notice of the appeal, the appellant shall serve on the adverse party or the attorney of the adverse party an undertaking as provided in ORS 19.040, and within such 14 days shall file with the clerk of the trial court the original undertaking, with proof of service indorsed thereon."

ORS 19.040(1) provides:

"The undertaking of the appellant shall be given in the minimum amount of $500 unless otherwise fixed by the trial court with one or more sureties or in the form of one or more of irrevocable letters of credit issued by one or more commercial banks, as defined in ORS 706.005, to the effect that the appellant will pay all damages, costs and disbursements which may be awarded against the appellant on the appeal not exceeding the sum therein specified * * *."

Given the procedural posture, our consideration of husband's motion is inextricably intertwined with wife's supplemental appeal. In particular, if wife is correct that the trial court erred in merely reducing the amount of the statutory undertaking from $500 to $350, rather than waiving it entirely because of her indigency, husband's motion necessarily fails. Conversely, if wife's supplemental appeal fails, her failure to post the court-ordered undertaking may warrant dismissal of her principal "merits" appeal. Thus, we turn to the supplemental appeal.

■ Before addressing the substance of the supplemental appeal, however, we must resolve a threshold issue: Was the court's post-judgment order reducing, but not waiving, the undertaking appealable? Although the parties have not addressed that jurisdictional issue, we are required to do so. *Knapp v. Employment Division*, 67 Or App 231, 233, 677 P2d 738 (1984).

Neither this court, nor the Supreme Court, has addressed whether a post-judgment order modifying or waiving an undertaking, pursuant to ORS 19.045(2), is appealable. However, we hold that ORS 19.010(2)(c) confers jurisdiction over appeals from such orders:

"For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"* * * * *

"(c)  A final order affecting a substantial right, and made in a proceeding after judgment or decree."

Here, the order requiring wife to post an undertaking was made after the final dissolution judgment. That order was final, and, because it may prevent wife from pursuing an appeal, it affects a substantial right. *See Stanwood v. Multnomah County*, 135 Or App 58, 898 P2d 196 (1995) (trial court's denial of waiver of filing fee is appealable under ORS 19.010(2)(a)). Thus, we have jurisdiction and may consider the propriety of the trial court's order fixing the undertaking.

ORS 19.045(2) provides:

"The trial court may waive, reduce or limit the undertaking provided for in ORS 19.040 upon a showing of good cause, including indigency, and on such terms as shall be just and equitable."

Wife argues that the trial court erred in merely reducing, rather than waiving, the undertaking on appeal for two reasons. First, she argues that, once a showing of indigence was made, the trial court was required to waive the undertaking entirely — *i.e.*, that indigency automatically triggers waiver. Second, she suggests that, even if the court could reduce, rather than waive, the undertaking, the reduction from $500 to $350 was not "just and equitable." ORS 19.045(2). Husband counters that the court's decision not to waive the undertaking, but to reduce it to $350, was well within its discretion.[3]

■  Wife's first argument cannot be reconciled with the plain language of ORS 19.045(2). The statute gives the trial court a range of options — waiver, reduction, or limitation of the undertaking — upon a showing of "good cause," including indigency. Within that range of options, the court remains free to choose, in its discretion, the course best suited to the case before it. Thus, there is no statutory mandate to waive the undertaking upon proof of an appellant's indigency.

■  Nor did the trial court abuse its discretion in concluding that a reduction to $350 was "just and equitable." Wife has made no showing that, given the totality of the circumstances, the court abused its discretion in reducing the undertaking to $350. The only evidence that wife presented of her inability to post an undertaking consisted of a circuit court order waiving her costs and fees in a 1982 proceeding and our order deferring her appellate filing fee. Given those circumstances, gleaned from the limited record before us, the court's ruling was well within the range of permissible discretion.

The trial court did not err in requiring an undertaking of $350, and wife has failed to post that undertaking. Accordingly, we affirm on the supplemental appeal and direct that the principal appeal be dismissed unless wife posts the required undertaking within 21 days of the date of this opinion.

---

[3] Husband does not contest the trial court's decision to reduce the undertaking. Accordingly, we need not consider whether ORS 19.045(2) compels some reduction of the undertaking upon a showing of indigency, without regard for other factors. In particular, we do not decide whether a trial court must reduce the undertaking based upon an appellant's indigency even if it deems the appeal frivolous.

Affirmed on supplemental appeal; motion to dismiss appeal of judgment of dissolution of marriage allowed unless, within 21 days of the date of this opinion, wife files undertaking in amount set by trial court.