Argued and submitted July 13, appeal dismissed September 6, 1995

James and Bernadine WINN,
*Respondents,*

*v.*

Rick and Cynthia McGEEHAN,
*Appellants.*

(D943096CV; CA A87018)

901 P2d 926

Maryhelen Sherrett argued the cause and filed the brief for appellants.

Matthew Kehoe waived oral argument and filed the brief for respondents.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Defendant tenants appeal from a judgment in a forcible entry and wrongful detainer (FED) action, ORS 105.105 *et seq*, awarding possession of the premises to plaintiff landlords and denying costs and attorney fees to either party. We dismiss for lack of jurisdiction.

In April 1994, defendants rented a residence from plaintiffs for $800 per month. Seven months into the lease, defendants failed to make their rental payment. Consequently, on October 11,·1994, plaintiffs served defendants with notice, pursuant to ORS 90.400(2), that if they did not pay the rent within 72 hours, plaintiffs would terminate the lease. When defendants failed to pay the rent, plaintiffs filed this FED action. Defendants filed an answer and requested and obtained the court's order directing payment of rent into the court registry. Thereafter, defendants paid both the October and November rent into the court's registry.

In their answer, defendants asserted four counterclaims. They first sought injunctive relief and damages pursuant to ORS 90.360(2),[1] including reduced rental value, for plaintiffs' alleged failure to maintain the premises in a habitable condition in violation of ORS 90.320. In particular, defendants alleged that the habitability violations arose from defects in the plumbing, heating system, building and grounds, floors and walls, locks, and electrical wiring. In their second counterclaim, defendants asserted a right to redeem the premises under ORS 90.370(1).[2] The third counterclaim

---

[1] ORS 90.360(2) provides:

"Except as provided in ORS 90.100 to 90.940, the tenant may recover damages and obtain injunctive relief for any noncompliance by the landlord with the rental agreement or ORS 90.320."

[2] ORS 90.370(1) provides:

"In an action for possession based upon nonpayment of the rent or in an action for rent when the tenant is in possession, the tenant may counterclaim for any amount, not in excess of the jurisdictional limits of the court in which the action is brought, that the tenant may recover under the rental agreement or ORS 90.100 to 90.940. In the event the tenant counterclaims, the court at the landlord's or tenant's request may order the tenant to pay into court all or part of the rent accrued and thereafter accruing, and shall determine the amount due to each party. The party to whom a net amount is owed shall be paid first from the money paid into court, and shall be paid the balance by the other party. The court may at any time release money paid into court to either party if the parties agree or if the court finds such party to be entitled to the sum so released. If no rent

sought damages for plaintiffs' alleged retaliatory filing of the FED action in violation of ORS 90.385.[3] Finally, in their fourth counterclaim, defendants sought damages, pursuant to ORS 90.360(2), for plaintiffs' alleged breach of the lease agreement by failing to reimburse defendants for making certain repairs.

After a bench trial, the court entered a judgment, which provided:

"1. Plaintiffs have established a prima facie case for eviction of defendants based on nonpayment of rent.

"2. The Court finds in favor of plaintiffs and against defendants on defendants' counterclaims on habitability issues in regard to plumbing, heating, the grounds, paint, walls, the front door of the premises, and all other issues which were remedied prior to the rent being withheld in this case.

"3. As regards the defendants' counterclaim for habitability issues in regard to electrical wiring, the Court finds no

---

remains due after application of this section and unless otherwise agreed between the parties, a judgment shall be entered for the tenant in the action for possession."

[3] ORS 90.385 provides, in part:

"(1) Except as provided in this section, a landlord may not retaliate by increasing rent or decreasing services, by serving a notice to terminate the tenancy or by bringing or threatening to bring an action for possession after:

"* * * * *

"(b) The tenant has complained to the landlord of a violation of:

"(A) ORS 90.305, 90.315, 90.320, 90.335, or 90.435.

"* * * * *

"(2) If the landlord acts in violation of subsection (1) of this section the tenant is entitled to the remedies provided in ORS 90.375 and has a defense in any retaliatory action against the tenant for possession."

ORS 90.375 provides:

"If a landlord unlawfully removes or excludes the tenant from the premises, seriously attempts or seriously threatens unlawfully to remove or exclude the tenant from the premises or willfully diminishes services to the tenant by interrupting or causing the interruption of heat, running water, hot water, electric or other essential service, the tenant may obtain injunctive relief to recover possession or may terminate the rental agreement and recover an amount up to two months' periodic rent or twice the actual damages sustained by the tenant, whichever is greater. If the rental agreement is terminated the landlord shall return all security recoverable under ORS 90.300 and all prepaid rent. The tenant need not terminate the rental agreement, obtain injunctive relief or recover possession to recover damages under this section."

evidence in the record to establish that the wiring in the residence did not conform to the law at the time it was installed. Further, there is no evidence that the system is not now in working order. Thus, the Court finds in favor of the plaintiffs and against the defendants on this issue.

"4.    The Court finds against defendants and in favor of plaintiffs on the issue of retaliation. The Court finds from the evidence that until October 11, 1994, plaintiffs were willing to accept rent tendered by the defendants, and that the eviction action was not a retaliatory action on the part of plaintiffs.

"5.    The Court finds in favor of the plaintiffs and against defendants and orders restitution of the premises for plaintiffs. * * *

"6.    The Court finds that the defendants suffered a diminution of rental value in the amount of $800.00. Currently, there is $1,600 that was tendered by defendants to the Court. The Clerk of the Court shall release $800 to plaintiffs as and for October rent and the remaining $800 to defendants as and for diminution of rental value."

The judgment further provided that neither party was entitled to costs or attorney fees under ORS 90.255.[4]

Defendants assert that the trial court erred in awarding possession of the premises to plaintiffs. Defendants also assert that, because they are entitled to a judgment awarding them possession of the premises, the trial court erred in failing to award them costs and attorney fees.

We do not reach the merits of defendants' appeal because we conclude that we lack jurisdiction to do so.[5] A party may appeal only from a judgment that adjudicates all claims as to all parties or that complies with the requirements of ORCP 67 B.[6] *Central Oregon Production Credit v. Butler,*

---

[4] ORS 90.255 provides:

"In any action on a rental agreement or arising under ORS 90.100 to 90.940, reasonable attorney fees at trial and on appeal may be awarded to the prevailing party together with costs and necessary disbursements, notwithstanding any agreement to the contrary. As used in this section, 'prevailing party' means the party in whose favor final judgment is rendered."

[5] Although the parties have not raised any jurisdictional issues, we are required, *sua sponte*, to determine jurisdiction. *Salazar and Salazar*, 135 Or App 391, 394, 898 P2d 1366 (1995).

[6] ORCP 67 B provides:

82 Or App 203, 205, 728 P2d 53 (1986). Here, the trial court failed to dispose of defendants' fourth, breach of rental agreement, counterclaim. Moreover, because the judgment does not contain an express determination that there is no just reason for delaying entry of judgment, it does not comply with the requirements of ORCP 67 B. Thus, the judgment is not appealable. *Id.*; *Parsons v. Henry*, 62 Or App 178, 179, 659 P2d 430 (1983).

∎ Nonetheless, under ORS 19.033(4), we may give leave to the trial court to enter an appealable judgment if we determine that:

"(a) At the time of the filing of the notice of appeal the trial court intended to enter an appealable judgment; and

"(b) The judgment from which the appeal is taken is defective in form or was entered at a time when the trial court did not have jurisdiction of the cause * * * or the trial court had not yet entered an appealable judgment."

From the record before us, we cannot determine whether the trial court intended to enter an appealable judgment notwithstanding the nonadjudication of defendants' fourth counterclaim. Consequently, ORS 19.033(4) does not apply. *Butler*, 82 Or App at 205.

Appeal dismissed.

---

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."