On Motion for Review of Trial Court Ruling Affecting Appeal filed May 22, amount of undertaking on appeal modified with instructions September 10, 1997

## FLEMING COMPANIES, INC.,
an Oklahoma corporation,
*Respondent,*

*v.*

## Brian R. HAMILTON,
Ellen R. Charley, in her capacity as
Conservator for Brian R. Hamilton,
*Respondents,*

*and*

## Bernard HENDERSON,
*Appellant,*

*and*

## VENTURE I, INC.,
an Oregon corporation,
*Respondent.*

(9601-00024; CA A96035)

945 P2d 588

Richard L. Grant and Grant & Lenneberg, for motion.

Robert E. Glasgow and Black Helterline LLP, *contra*.

Before Landau Presiding Judge, and Haselton and Armstrong, Judges.

HASELTON, J.

.

## HASELTON, J.

Defendant Henderson[1] moves for review of the trial court's order fixing the amount of the undertaking on appeal. ORAP 8.40.[2] The court required that the undertaking include both (1) an amount equal to 10 percent of the money judgment appealed, ORS 19.160, as prospective damages for prosecuting an appeal without probable cause; and (2) the amount of plaintiff's anticipated attorney fees on appeal. We conclude that the trial court did not err in including an allowance for the 10 percent penalty, but erred in including prospective attorney fees, in the undertaking. Accordingly, we modify the amount of the undertaking.

In brief summary, the present parties were involved in litigation for several years. In June 1995, after protracted negotiations, the parties entered into an omnibus settlement of their dispute. Part of that settlement required defendant to convey to plaintiff a condominium and a house, both located in Mexico. Defendant ultimately declined to transfer those properties and attempted to rescind the agreement on the ground that plaintiff had allegedly failed to satisfy certain conditions precedent of the settlement agreement.

Plaintiff then filed this action, seeking, in the alternative, specific performance of the settlement agreement or an award of damages in lieu of specific performance. Defendant answered, raising a variety of affirmative defenses pertaining to sufficiency of service of complaint and summons

---

[1] Although there are other defendants who are parties to the appeal, only Henderson challenges the amount of the undertaking. Accordingly, "defendant" in this opinion refers solely to Henderson.

[2] In *Salazar and Salazar*, 135 Or App 391, 394, 898 P2d 1366, *rev den* 322 Or 168 (1995), we held that an order setting the amount of an undertaking on appeal is appealable under ORS 19.010(2)(c) as a postjudgment order affecting a substantial right. Thereafter, the appellate courts adopted ORAP 8.40, which provides:

"During the pendency of an appeal, if the trial court rules on a matter affecting the appeal, a party may seek review of that ruling by filing a motion in the court in which the appeal is pending seeking appropriate relief. The appellate court may review the ruling of the trial court on a matter affecting an appeal as necessary to decide a matter before the court." (Footnote omitted.)

The omitted footnote gives examples of the types of orders that would be reviewable under this rule, the first two being orders under "ORS 18.038 (sufficiency of undertakings and qualifications of sureties) [and] ORS 19.040 (amount of undertakings for costs on appeal and supersedeas undertakings * * *)."

and the court's authority to render the relief sought. Defendant also asserted a counterclaim and a cross-claim.

Thereafter, a dispute concerning discovery arose, and plaintiff, consequently, moved to strike defendant's pleadings and for entry of default. The trial court determined that defendant had engaged in an ongoing pattern of wilfully and intentionally obstructing discovery and violating discovery orders. As a sanction for those violations, the court struck defendant's pleadings and entered a default judgment.[3]

The judgment required defendant to convey both the condominium and the house to plaintiff. If defendant did not convey the properties as required within 30 days of the entry of judgment, the judgment, alternatively, imposed money judgments against him of $110,000 (corresponding to the condominium) and $350,000 (corresponding to the house). The trial court subsequently entered a supplemental judgment, awarding plaintiff attorney fees of $65,543 and costs of $267.40, pursuant to a provision in the settlement agreement that provided for an award of attorney fees to the prevailing party.

Defendant timely appealed from the judgment. Defendant did not appeal from the supplemental judgment for attorney fees and costs. In conjunction with the appeal, defendant filed an undertaking on appeal in the amount of $500. ORS 19.040.

Plaintiff objected to the sufficiency of the $500 undertaking on three grounds. First, plaintiff contended that there was no probable cause for appealing the judgment and, consequently, the trial court should include an amount equal to ten percent of the money judgment, representing damages under ORS 19.160. *See, e.g., Financial Factoring v. United Electric Apparatus*, 117 Or App 573, 845 P2d 215, *rev den* 316 Or 527 (1993). Second, the undertaking should include an allowance for plaintiff's anticipated attorney fees on appeal, in the amount of $19,000, because such appellate fees would be recoverable either under the "prevailing party" provision of the settlement agreement or under ORS 20.105(1). Third,

---

[3] The trial court similarly allowed the counterclaim and cross-claim defendants' motions to strike pleadings and for entry of a default judgment.

the undertaking should include an additional $250 in anticipated miscellaneous appellate costs. The trial court sustained plaintiff's objections and entered an order requiring defendant to post an undertaking in the amount of $71,804.[4]

Defendant now challenges the trial court's order setting the amount of the undertaking. ORAP 8.40. In particular, defendant contends that: (1) The trial court improperly included an allowance for prospective damages under ORS 19.160, because there is probable cause to prosecute this appeal; and (2) the court erred in including anticipated appellate attorney fees in the undertaking. We address each argument in turn.

Defendant's first challenge is to the trial court's inclusion of prospective damages, under ORS 19.160, in its order setting the amount of defendant's undertaking. ORS 19.040(1) provides, in part:

"The undertaking of the appellant shall be given in the minimum amount of $500 unless otherwise fixed by the trial court with one or more sureties or in the form of one or more irrevocable letters of credit issued by one or more commercial banks, as defined in ORS 706.005, to the effect that the appellant will pay all *damages*, costs and disbursements which may be awarded against the appellant on the appeal not exceeding the sum therein specified." (Emphasis supplied.)

ORS 19.160 provides:

"Whenever a judgment or decree is affirmed on appeal, and it is for recovery of money, or personal property or the value thereof, the judgment or decree shall be given for 10 percent of the amount thereof, for damages for the delay, unless it appears evident to the appellate court that there was probable cause for taking the appeal."

In *Financial Factoring*, we explained that "damages," as used in ORS 19.040(1), includes damages under ORS 19.160.

---

[4] That amount represents the sum of ten percent of the substantive judgment of $460,000 ($46,000), ten percent of the supplemental judgment for attorney fees of $65,543 ($6,554), $19,000 for anticipated appellate attorney fees, and an additional $250 in costs. Appellant does not challenge the inclusion in the undertaking of the $250 in costs.

Thus, the amount of the undertaking may include prospective damages under ORS 19.160 "that might be awarded on a determination that the appellant did not have 'probable cause' for taking the appeal." *Financial Factoring*, 117 Or App at 577. The trial court has the authority in the first instance to determine whether the appellant has probable cause for taking the appeal and, if not, to include in the amount of the undertaking on appeal ten percent of the amount of the money judgment[5] being appealed. *Id.* at 577-78. The issue, then, is whether the trial court's determination in this case, *i.e.*, that there is no probable cause for prosecuting this appeal, was correct. We review that determination as a matter of law.

In *Broyles v. Brown*, 295 Or 795, 671 P2d 94 (1983), the court described the meaning of "probable cause" in ORS 19.160:

> "Lack of probable cause would exist when there is no objective legal basis for the appeal. The objective standard looks at the probable cause of the appeal from a reasonable lawyer's perspective. The problem involved in determining whether the appeal is or is not based on probable cause is not whether the attorney acted in the honest belief that probable cause existed, but whether any reasonable lawyer would conclude that any of the legal points asserted on appeal possessed legal merit.

> "The term 'probable cause for appeal' does not mean probable cause for reversal of the judgment or that reversible errors were committed. It means there is presented a case in which appellant has assigned, or may assign, grounds that are open to doubt, or are debatable, or over which rational, reasonable or honest discussion may arise."
> *Id.* at 800-01 (citation omitted).

Because the dispute before us arises from the trial court's order fixing the undertaking, our review of whether there is probable cause for prosecuting the appeal is determined by reference to the potential appellate issues that defendant identified to the trial court. Defendant argued to

---

[5] We note, without further comment, that defendant does not challenge the trial court's inclusion of the amount of the supplemental judgment for attorney fees in making the ten percent calculation, notwithstanding that defendant has not appealed from the supplemental judgment.

the trial court, and reiterates to us, that his affirmative defenses have sufficient merit that they constitute probable cause for prosecuting the appeal. Those are the *only* issues defendant has identified. Plaintiff responds, *inter alia*, that whatever the ostensible abstract merits of those affirmative defenses, those merits are immaterial to this appeal, because the trial court struck defendant's pleadings, including his affirmative defenses, as a sanction for intentionally violating various discovery orders and, consequently, declared defendant to be in default.

■ We agree with plaintiff. In reviewing the parties' submissions, including defendant's identification of putative issues on appeal, we find that defendant failed to identify any colorable error in the trial court's order striking defendant's pleadings and entering default as a sanction. That is, although defendant has expended considerable effort in arguing the substantive merit of various defenses that were stricken, he does not purport to challenge—much less point to any objectively reasonable basis in the record for challenging—the propriety of the court's order under ORCP 46 B striking those defenses and entering an order of default. So long as the trial court's imposition of those sanctions was proper—and defendant has not suggested otherwise—defendant's affirmative defenses simply are not "in play." Thus, defendant's substantive "merits" arguments are inapposite either to the trial court's assessment of probable cause or to our review of that determination. We consequently conclude that the trial court did not err in determining that there was no probable cause for prosecuting the appeal.[6] The trial court properly included prospective damages under ORS 19.160 in the undertaking.

We proceed to defendant's challenge to the trial court's inclusion of prospective, *i.e.*, anticipated appellate, attorney fees in the undertaking on appeal. Plaintiff argues that such fees were properly included in the undertaking because, under ORS 19.040, the undertaking may include the

---

[6] We emphasize that our holding here relates only to the undertaking. We do not prejudge either the merits of the appeal, as that matter is ultimately briefed and argued, or whether, following our ultimate disposition of the merits of the appeal, damages under ORS 19.160 may be found appropriate.

"costs and disbursements which may be awarded against the appellant on appeal," and, under ORS 20.310(2),[7] the statute that authorizes this court to award "costs and disbursements" on appeal to the prevailing party, "costs and disbursements" include "*attorney fees as provided by law*." (Emphasis supplied.) Plaintiff further argues that there is a substantial possibility that it will be entitled to recover attorney fees under either the "prevailing party" attorney fee provision of the parties' settlement agreement or pursuant to ORS 20.105, which requires this court to grant "reasonable attorney fees" when there is "no objectively reasonable basis for asserting the claim, defense or ground for appeal." Finally, plaintiff reasons, and the trial court apparently agreed, that either, or both, of those sources of alleged entitlement confer "attorney fees as provided by law" and, consequently, the projected amount of those fees ($19,000) is appropriately included in the undertaking.

■     We conclude that the trial court erred in that regard. In *Northwest Acceptance Corp. v. Bles Studs*, 74 Or App 248, 702 P2d 1128 (1985), we considered the context of "attorney fees as provided by law" in ORS 20.310:[8]

"The reference is to attorney fees 'as provided by law.' We do not construe that provision to refer to reasonable attorney fees provided for in a contract. Rather, it refers to the prevailing party fees established by ORS 20.190. * * *

"* * * * *

"Although the prevailing party fees provided in ORS 20.190 are not called 'costs' or 'attorney fees,' they are the current

---

[7] ORS 20.310 provides, in part:

"(1) In any appeal to the Court of Appeals or review by the Supreme Court, the court shall allow costs and disbursements to the prevailing party * * *.

"(2) Costs and disbursements on appeal to the Court of Appeals or Supreme Court or on petition for review by the Supreme Court are the filing or appearance fee, the reasonable cost for any bond, irrevocable letter of credit, *attorney fees as provided by law*, the printing, including the abstract of record, required by rule of the court, and the transcript of testimony or other proceedings, when necessarily forming part of the record on appeal." (Emphasis supplied.)

[8] Our holding in *Northwest Acceptance* was based on a previous version of ORS 20.310. However, the amendments that have occurred since that version are inapposite to the issue in this motion.

version of the former costs which were explicitly designed to indemnify the prevailing party for a portion of the party's attorney fees. The amounts provided in ORS 20.190 are therefore the 'attorney fees, as provided by law' which ORS 20.310 states may be included in costs on appeal. They are distinct from reasonable attorney fees, which may be awarded on a different basis." *Id.* at 251-52.[9]

Plaintiff contends that *Northwest Acceptance* is inapposite, at least with respect to prospective fees under ORS 20.105, because, in *Northwest Acceptance*, the plaintiff's asserted entitlement to attorney fees on appeal was contractual, not statutory. Plaintiff's argument misses *Northwest Acceptance*'s point. Although *Northwest Acceptance* involved contractual attorney fees, our holding was explicit: "attorney fees as provided by law" in ORS 20.310 refers *only* to "the prevailing party fees established by ORS 20.190." *Northwest Acceptance*, 74 Or App at 251-52. Consequently, attorney fees under ORS 20.105 are not "attorney fees as provided by law," within the meaning of ORS 20.310, and cannot be included in the undertaking on appeal. The amount of the undertaking must be reduced by $19,000.

Amount of undertaking on appeal modified to $52,804; appellant shall have 14 days to file an undertaking in that amount.

---

[9] ORS 20.190 provides, in part:

"(1)  Except as provided in subsections (2) to (5) of this section, a prevailing party in a civil action or proceeding who has a right to recover costs and disbursements in the following cases also has a right to recover, as a part of the costs and disbursements, the following additional amounts:

"(a)  In the Supreme Court or Court of Appeals, on an appeal, $100."